IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CARL D. GORDON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:12cv00494 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RENA MULLINS, *et al.*, | ) | By: Robert S. Ballou |
|     Defendants. | ) | United States Magistrate Judge |

Carl D. Gordon, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Gordon raises claims concerning the grievance process, due process violations, retaliation, violations of his rights to free speech, religious exercise, and equal protection, interference with mail, excessive force, denial of his right to privacy, inadequate medical treatment, and cruel and unusual living conditions. Gordon's 215-page complaint attempts to join together in one action a variety of unrelated legal claims and thirty-two separate defendants. Gordon's complaint runs afoul of the joinder rules under the Federal Rules of Civil Procedure[1] and the filing fee requirements of the PLRA[2] and, therefore, may not proceed as it presently stands.

However, because Gordon is proceeding *pro se*, the court will permit him to file an Amended Complaint, meeting the requirements of Rules 18 and 20 of the Federal Rules of Civil Procedure, within thirty (30) days of the entry of this Order. Such Amended Complaint may join

---

[1] Under Rule 18(a), which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. However, in order to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties. Rule 20(a)(2) permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. On its face, that is not the case here, and Gordon's case may not proceed as filed.

[2] To allow Gordon to pay one filing fee yet join disparate claims against different parties flies in the face of the letter and spirit of the PLRA. Compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." Green v. Denning, No. 06-3298, 2009 U.S. Dist. LEXIS 15738, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).

multiple defendants ONLY if (1) the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions or occurrences, AND (2) a question of law or fact common to all defendants exists.  *Should Gordon fail to timely file an Amended Complaint, or file an Amended Complaint that seeks to join disparate claims in violation of Rule 20, the court will dismiss the entire action without prejudice.*

Any amended complaint Gordon chooses to file must be complete in all respects.  *It must be a new pleading which stands by itself without reference to the complaint, attachments, or amendments already filed.  The complaint must comply with the joinder rules, the claim(s) set forth in the amended document must arise out of the same transaction, occurrence, or series of transactions or occurrences, and they must contain a question of law or fact common to all defendants.*  This procedure mirrors closely the approach recently taken by this court in <u>Canada v. Ray</u>, No. 7:08cv00219 (W.D. Va. Aug. 10, 2009) and <u>Showalter v. Johnson</u>, No. 7:08cv00276 (W.D. Va. May 12, 2009), Judge Caputo in <u>Pruden</u>, No. 3:07cv0604, 2007 U.S. Dist. LEXIS 36874, at *8, and Judge Crabb in <u>Muehl v. Thurmer</u>, No. 09cv16, 2009 U.S. Dist. LEXIS 7243, 2009 WL 249978 (W.D. Wis. Feb. 2, 2009), and <u>Banks v. Adler</u>, No. 09cv009, 2009 U.S. Dist. LEXIS 9430, 2009 WL 330146 (W.D. Wis. Feb. 9, 2009).

Additionally, any amended complaint must comply with Rules 8, 10, 18 and 20 of the Federal Rules of Civil Procedure.  *Gordon's filings to date will not be considered by the court and should not be referenced by Gordon in any amended complaint.  Gordon's amended complaint should plainly state each defendant Gordon intends to bring this action again, clearly state how each named defendant violated his constitutional right(s), and specifically state what relief Gordon seeks.*

2

This Memorandum Opinion does not address Gordon's claims on the merits, and it does not mean that he loses his right to litigate any of the claims he has pled to date solely by virtue of this determination. Gordon may file completely separate lawsuits naming such defendants and claims. He simply may not litigate all of his unrelated claims against all these defendants in this single suit. Each new lawsuit will obligate Gordon to pay the $350.00 district court filing fee. Additionally, both the Amended Complaint and any new, separately filed, complaints will be subject to judicial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

An Order consistent with this Memorandum Opinion will be filed this day.

Enter: December 27, 2012

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge